UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNI'QUE GODSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VETERANS ADMINISTRATION *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 22-966 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of New Castle, Delaware, has sued the Veterans Administration, the Board of Veterans Appeals, and the U.S. Court of Appeals for Veterans Claims for allegedly denying him "full benefits" for "almost a decade." Compl. at 1. In a seemingly unrelated claim, Plaintiff has sued the U.S. Postal Service for allegedly "engag[ing] in mail tampering and delays since [he] previously filed a complaint against [the] former president who caused an incident on the Capitol." *Id*. Plaintiff seeks $1.5 million as "full compensation" for his "decade long struggle[.]"[1] *Id*.

---

[1] Plaintiff also seeks a trial "by my peers to validate the systematic racism that African American veterans have received for decades under the Veterans Administration." Compl. at 1. But absent a special relationship not applicable here, *pro se* plaintiffs cannot prosecute the claims of other individuals. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by [licensed] counsel."). Further, "a *pro se* litigant who is

Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff's conclusory allegations suggest at most claims under the Veterans' Benefits Act, 38 U.S.C. §§ 501 *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80.

Decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Appeals for Veterans Claims and the U.S. Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) (citing 38 U.S.C. § 511(a)); *accord Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005); *see also* 38 U.S.C. § 7252 (governing jurisdiction and finality). Since Plaintiff's claim concerns "the VA's action . . . with respect to a veterans' benefits matter," this Court lacks jurisdiction over it. *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)).

The claim against the Postal Service fares no better. Although the FTCA contains a waiver of sovereign immunity for certain claims caused by the negligent or wrongful conduct of federal employees, it specifically excludes from the waiver "any claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Consequently, this case will be dismissed by separate order.

Date: May 16, 2022

TREVOR N. McFADDEN
United States District Judge

---

not trained as a lawyer is simply not an adequate class representative." *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (citing cases).